### UNDERWOOD v. MALONEY.

**DAWSON et al.**

v.

**MALONEY et al.**

**Civ. Nos. 14398, 14547.**

United States District Court
E. D. Pennsylvania.
July 28, 1954.

See also 15 F.R.D. 104.

Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiffs.

Charles A. Wolfe, Philadelphia, Pa., for defendants. Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., William H. Thomas, Cleveland, Ohio, of counsel.

CLARY, District Judge.

The above two actions are again presently before the Court on two motions filed by the plaintiffs. The first motion in each case is based upon a rule issued by the Court to the defendant William E. Maloney to show cause why he should not be held in contempt of court for willful violation of certain orders of this Court in connection with discovery pro-

ceedings and, secondly, why judgment should not be entered in favor of the plaintiffs. The second motion is based upon plaintiffs' petition in each case for a protective order relating to a notice of deposition requiring Roy J. Underwood, one of the plaintiffs, to appear for oral examination, said notice requiring Underwood to produce all documents, records and memoranda in connection with the subject matter of the actions, not only those in existence before the happening of the events leading up to the filing of the two actions but documents and information prepared for trial of the actions. The motions will be considered separately in this opinion.

Two grievances are asserted by the plaintiffs in the first motion and petition arising from non-production of documents. The first is that in direct defiance of the order of the Court, defendant Maloney failed to produce for examination records of hearings held in connection with the conduct of the affairs of Local 542 of the International Union of Operating Engineers. The second is that a witness named McDonald, one of the vice-presidents of the union, failed to produce certain records, which the plaintiffs claim were in existence, as required in his notice of deposition. Certain other matters are raised about lack of cooperation, etc. which are not pertinent to disposition of these motions.

██ It would serve no useful purpose to recount in detail the constant wrangling and bickering which has characterized the conduct of the discovery proceedings in these actions. It is apparent from a reading of the depositions filed in this Court that the defendant Maloney has directly violated the order of this Court. Whether such conduct reflects the attitude of defendant himself or his counsel is difficult to determine. Discovery proceedings are an integral part of the judicial process under the Federal Rules of Civil Procedure, 28 U.S.C. This Court does not intend that such procedures shall be made a mockery by either parties litigant or counsel. The whole tenor of the depositions indicates that to a considerable extent an attempt has been made to do exactly that in these actions. Rule 37 provides rather severe penalties as a consequence of failure to obey an order of the court, including among others, holding in contempt, refusing to allow the disobedient party to support or oppose designated claims or defenses, or even entering a judgment by default against the disobedient party. Because the facts in these actions are in grave doubt and the principles of law to be applied thereto are so involved and complex, the Court does not desire at this time to enter such an ultimate penalty upon the offending party, in this case the defendant Maloney. However, the Court does not intend to permit such actions to go unpunished. The particular matter involved in the present motions was before the Court previously on two occasions, once on June 16, 1953, and again on July 23, 1953. At the first hearing the Court suggested that the depositions proceed and that the defendants produce the documents called for in the notice issued, since both counsel were experienced attorneys and both well knew the detailed working of Federal discovery procedures. No formal order, however, was entered, the Court expecting counsel to proceed promptly and properly. After a hearing on July 23, 1953, the Court considered the application then made to it as a request for production of documents under Rule 34, entered its formal order to the defendant Maloney to appear, to produce the documents called for and to testify thereon within a certain specified time. This he has not done. His counsel now tries to avoid the consequences of a penalty under Rule 37 by stating that at the time the documents were called for and long after the time set by the Court, they were not in his possession but were in the possession of a Board constituted by him to hear the very grievances which are a part of the subject matter of this

suit. Such transparent evasion of the direct order of the court will neither be tolerated nor condoned. The Court will enter an order awarding to the plaintiffs, as punishment for failure of defendant Maloney to obey the order of the Court, their expenses involved in taking the depositions of Maloney to date and a reasonable counsel fee in connection therewith. If the parties between themselves cannot agree upon the respective amounts, the Court will, after a petition has been filed in that regard and hearing had thereon, set the amounts to be paid.

As to the second complaint of nonproduction of documents and the screening and suppression of documents prepared by the witness McDonald, the Court finds that the record does not bear out the contention of the plaintiffs that all of the existing records have not been produced.

■ As to the second motion in each case of the plaintiffs for a protective order, if the accounts which appear in the daily press are to be believed, it would seem that the defendant's apprehension of discrimination and of physical violence may have some foundation in fact. However, there is no testimony before the Court upon which it can base any finding that disclosure of the names of members of the union associated with Dawson, et al. in Civil Action No. 14547, will result in either discrimination or physical violence. One of the vital questions in connection with Civil Action No. 14547 is whether it is actually a class action. Plaintiffs must of necessity at some time disclose who the members of that class are and the defendants are entitled to know. As to threats of physical violence, the laws of the Commonwealth of Pennsylvania are sufficiently severe in dealing with crimes of the type alleged to be contemplated. The defendants are further on firm ground when they ask Underwood to produce copies of official documents of the union which may presently be in his possession as a result of his former official position with the union and prior to ouster. It is, however, none of the defendant's business what members of Local 542, subsequent to Underwood's ouster and the filing of the two suits above captioned, contributed to the cost of the litigation, or what members attended meetings in support of the litigation subsequent to Underwood's ouster.

An order will be entered limiting the production of documents by Underwood to those having a connection with the union activities and limiting defendant's right to inquire as to matters subsequent to the ouster of Underwood and the beginning of this litigation, excepting however specifically, minutes of meetings and/or documents, letters, circulars, etc. in the possession of the plaintiffs and which relate to the class action feature of the litigation.